ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JAN 16 PM 4: 07

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ROWENA LYNNE KNIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-096 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 23.) Plaintiff's objections are, in the main, reiterations of arguments presented in her brief. However, one point merits further discussion.

In the R&R, the Magistrate Judge concluded that remand under sentence six was not required for consideration of new evidence, and that the ALJ's decision was otherwise supported by substantial evidence. (Doc. no. 22.) One of Plaintiff's arguments in her brief was that a subsequent favorable decision on an application for Supplemental Security Income as of April 12, 2011, and the evidence submitted in support of that application, were new evidence meriting remand pursuant to sentence six. Of note, the time period under consideration by the ALJ in the decision at issue in the instant case was October 20, 2003 through June 14, 2010. The Magistrate Judge correctly concluded in the R&R that this new

evidence in no way undermined the ALJ's decision that Plaintiff was not disabled during the period under consideration.

Plaintiff now argues that the subsequent favorable decision warrants remand because the new evidence reflects that Plaintiff's GAF scores[1] were slightly higher during the period for which she was approved for benefits than they were during the period in which the ALJ found she was not disabled. According to Plaintiff, this renders the unfavorable June 14, 2010 decision and the favorable decision on the April 12, 2011 application "inconsistent results which can only be resolved through a remand." (Doc. no. 23, p. 1.) A claimant's GAF scores, however, are of "questionable value in determining an individual's mental functional capacity," and are thus not dispositive of whether she is disabled. See Wilson v. Astrue, 653 F. Supp. 2d 1282, 1293 (M.D. Fla. 2009). Indeed, the Magistrate Judge properly concluded that, regardless of what Plaintiff's GAF scores may have been, the new evidence, particularly the treatment notes of her treating psychiatrist, showed that Plaintiff's condition deteriorated after the ALJ's June 14, 2010 decision, and failed to call into doubt the ALJ's reasoning that Plaintiff was not disabled before that time. Therefore, Plaintiff's bare assertion that the Commissioner's decisions are somehow inconsistent solely because her GAF scores were slightly higher when the Commissioner concluded she was in fact disabled is baseless.

---

[1] The GAF score refers to the "Global Assessment of Functioning," which "is a numeric scale that mental health physicians and doctors use to rate the occupational, psychological, and social functioning of adults." McCloud v. Barnhart, 166 F. App'x 410, 413 (11th Cir. 2006) (*per curiam*). The GAF score increases as the severity of symptoms or impairments decreases. See, e.g., Wilson v. Astrue, 653 F. Supp. 2d 1282, 1294-95 (M.D. Fla. 2009) (explaining the meaning of the ranges of GAF scores).

2

Plaintiff's objections are thus without merit and are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the Commissioner.

SO ORDERED this 16th day of January, 2013, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE